UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE BRANAN,<br><br>             Petitioner,<br><br>   vs.<br><br>J.W. COX,<br><br>             Respondent. | 4:20-CV-04002-KES<br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on the *pro se* habeas petition of Charlie Branan, a federal prisoner, pursuant to 28 U.S.C. § 2241.  See Docket No. 1. Mr. Branan asserts that the federal Bureau of Prisons ("BOP") should accord him 70 days' worth of good time credit pursuant to the First Step Act ("FSA"). Id.  Respondent J.W. Cox has moved for entry of summary judgment in his favor.[1]  See Docket No. 8.  Mr. Branan resists the motion.  See Docket Nos. 13-15.  This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

---

[1] It is somewhat atypical for a defendant/respondent to file a motion for summary judgment when that party has not yet filed an answer, as in this case.  However, Mr. Branan does not argue that the procedural posture is improper for any reason.  Furthermore, the rules provide summary judgment can be requested at any stage of the proceedings up to 30 days following the close of discovery.  See FED. R. CIV. P. 56(b).

## FACTS

As required by local rule, respondent filed a statement of material facts as to which he asserts there is no dispute.  See Docket No. 10.  Mr. Branan has responded to that statement of facts.  See Docket No. 13 & 14.  The following facts are drawn from the parties' statements with disputes as noted.

Mr. Branan was sentenced to 120 months' imprisonment for conspiracy to distribute a controlled substance in the United States District Court for the Southern District of Iowa.[2]  He finished that sentence and began serving his post-incarcertion 8-year term of supervised release on January 30, 2015.

While on supervised release, he violated conditions of supervision sometime prior to May 14, 2019.  The district court revoked his supervised release and sentenced him on May 23, 2019, to four months' imprisonment "substituted day for day with Home Detention with Radio Frequency (RF) monitoring."

On June 12, 2019, Mr. Branan was arrested on a second violation of supervised release.  His supervised release was again revoked and, on June 20, 2019, the district court sentenced him to 10 months' imprisonment to be served consecutively to the undischarged term of the previously-imposed 4-month term of imprisonment, for a total of 14 months.  At the second sentencing, the district court withdrew its substitution of home confinement for the earlier term of imprisonment.  Mr. Branan is serving his 14-month

---

[2] Respondent inadvertently committed a typographical error by identifying the court of conviction as the *Northern* District of Iowa.  Mr. Branan correctly objected to this fact and respondent cured the error in his reply.

revocation sentence at the federal Yankton Prison Camp in Yankton, South Dakota.

The BOP credited Mr. Branan with 18 days of custody for time he spent detained before both of his revocations. The BOP projects he will earn 63 days of good conduct time on his combined revocation sentence. The BOP projects Mr. Branan's release date to be May 30, 2020, if he earns the projected 63 days of good conduct time.

Mr. Branan asserts the FSA's revision of good conduct time applies retroactively. He then asserts that the BOP should credit him with 70 days of good conduct time for the original 120-month sentence he served on the underlying conviction. Respondent asserts the BOP has accurately and correctly calculated Mr. Branan's sentence and he asks for judgment in his favor as a matter of law.

## DISCUSSION

**A.     Summary Judgment Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. See Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Helton v. Southland Racing Corp.,

3

600 F.3d 954, 957 (8th Cir. 2010) (per curiam).  Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Allison v. Flexway Trucking, Inc., 28 F.3d 64, 66 (8th Cir. 1994).

The burden is placed on the moving party to establish both the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Anderson, 477 U.S. at 256; FED. R. CIV. P. 56(e) (each party must properly support its own assertions of fact and properly address the opposing party's assertions of fact, as required by Rule 56(c)).

The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment.  Anderson, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2725, at 93–95 (3d ed. 1983)).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247–48.

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

Though *pro se* litigants like Mr. Branan are entitled to a liberal construction of their pleadings, FED. R. CIV. P. 56 remains equally applicable to them. Quam v. Minnehaha Co. Jail, 821 F.2d 522, 522 (8th Cir. 1987). The district court is not required to "plumb the record in order to find a genuine issue of material fact." Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996). Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed *pro se* in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such *pro se* claims without regard for these special problems." Nickens v. White, 622 F.2d 967, 971 (8th Cir. 1980). "When dealing with summary judgment procedures the technical rigor is inappropriate where . . . uninformed prisoners are involved." Ross v. Franzen, 777 F.2d 1216, 1219 (7th Cir. 1985).

B.   **Standards Governing § 2241 Petitions**

A federal prisoner may seek immediate or speedier release by filing a habeas petition under § 2241 in the district in which he is incarcerated. Reno v. Koray, 515 U.S. 50, 52-53 (1995); United States v. Thompson, 297 Fed.

5

Appx. 561, 562 (8th Cir. 2008); Bell v. United States, 48 F.3d 1042, 1043-44 (8th Cir. 1995).  See also 28 U.S.C. § 2255(e); Rules 3(b) and 4(a), 28 U.S.C. foll. § 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).

Before filing a § 2241 petition with a district court, a petitioner must first exhaust administrative remedies within the BOP.  Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009); United States v. Thompson, 297 Fed. Appx. 561, 562 (8th Cir. 2008).  Here, Mr. Branan asserts he has exhausted his administrative remedies (see Docket No. 1 at pp. 2-3), and respondent agrees (see Docket No. 9 at p. 5 n.1).  Therefore, the court addresses the merits of the petition.

C.   **The FSA and its Application to Mr. Branan's Facts**

As is pertinent to this action, the FSA, enacted on December 21, 2018, amended 18 U.S.C. § 3624(b) dealing with good conduct time.  Section 3624(b) provided in pertinent part as follows, before and after the FSA amended it:

> **Before**
> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.
>
> **After (with editing shown)**
> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, ~~beyond the time served,~~ of up to 54 days ~~at the end of~~ for each year of the prisoner's ~~term of imprisonment~~ sentence imposed by the court, ~~beginning at the end of the first~~

> ~~year of the term,~~ subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.
>
> **After (clean)**
> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

See 18 U.S.C. § 3624(b) (2018); PL 115-391, 132 Stat. 5194 § 102(b)(1)(A)(i) & (ii); and 18 U.S.C. § 3624(b) (2020).

The practical effect is that previously federal prisoners could accumulate a maximum of 47 days good conduct time per year, whereas under the FSA they can now accumulate a full 54 days per year. Bowden v. Marques, 2019 WL 3847709 at *1 (D. Minn. July 19, 2019). This "good-time fix" is retroactive. United States v. Richards, 2019 WL 2008572 at *4 (M.D. Tenn. May 7, 2019).

The BOP has interpreted the new version of § 3624(b) as amended by the FSA to apply only to current terms of imprisonment that have not yet expired. See Docket No. 11 at pp. 4-5, ¶12. Accordingly, because Mr. Branan has already served the entirety of his previously-imposed 120-month sentence on his original conviction, the BOP has not calculated Mr. Branan's good time on that expired sentence. Instead, the BOP applied § 3624(b) to Mr. Branan's 14-month revocation sentence and arrived at 63 days good conduct time.

Mr. Branan submitted to the court a declaration stating that he fully believes he is entitled to receive 54 days of good time for every year he has been

7

in the custody of the BOP, which would include his prior 120-month sentence.[3] He attaches a number of exhibits to his declaration, one such exhibit being this court's decision in Donald v. Hudgins, 4:18-cv-04017-KES, Docket No. 20 (D.S.D. Aug. 13, 2018).

The issue in Donald involved whether the BOP had properly aggregated the petitioner's two underlying sentences which he was still in the process of serving, for purposes of determining his eligibility for early release. Id. at pp. 2-5. One sentence was for a new charge in federal court in Missouri and the other sentence, which was ordered to run concurrently with the Missouri sentence, was for revocation of supervised release on an earlier federal charge in Illinois. Id. Because the two sentences were ordered to run concurrently and neither sentence was yet expired, the BOP aggregated the sentences into effectively one sentence, which was characterized as being for the "current offense." Id.

The facts of Donald are inapposite to the facts of Mr. Branan's case. Here, the issue is whether Mr. Branan can claim good time credits for a sentence that had already been fully served prior to the sentence being imposed on his supervised release revocations. In Donald, the sentence in question was still being served. Id. The case of Wold v. Federal Bureau of Prisons, 4:18-cv-04061-VLD, Docket No. 28 at pp. 2-4 (D.S.D. Oct 9, 2018),

---

[3] Mr. Branan served 10 years previously and received at most 47 days good conduct time for each of those years. The court understands Mr. Branan's assertion he is owed an additional 70 days' good conduct credit to be the difference between 47 and 54 for each of those 10 years (i.e. 54 - 47 = 7; 7 x 10 = 70).

also relied upon by Mr. Branan, involved the same fact pattern as Donald: the petitioner was still serving his two sentences (one for new drug offenses and one for violation of supervised release conditions). Neither Donald nor Wold support Mr. Branan's assertion he should be awarded good time credits on a sentence that had already been fully served and had expired.

Mr. Branan also relies on Johnson v. United States, 529 U.S. 694 (2000); and United States v. Haymond, ___ U.S. ___, 139 S. Ct. 2369 (2019), in support of his position. In Johnson, the Court held postrevocation penalties were attributable to the original conviction. Johnson, 529 U.S. at 701. The Court then held that the law Johnson was sentenced under at the time of his original sentence allowed for serial terms of supervised release in the event of violation and revocation of supervised release. Id. at 713.

The Haymond decision was badly splintered and does not, therefore, represent definitive authority. Haymond, having first been convicted by a jury of possessing child pornography and given a 3-year sentence, had been given a mandatory 5-year sentence for violating supervised release by again possessing child pornography. Haymond, 139 S. Ct. at 2373-74. The four Justices in the "majority" held that the mandatory nature of the revocation penalty statute violated Haymond's Sixth Amendment rights by allowing a judge to find facts under a preponderance of the evidence standard to establish criminal wrongdoing (not just a violation of a supervision condition), instead of requiring a jury to find the facts applying a beyond-a-reasonable-doubt standard. Id. at 2375-85.

The four dissenters likened revocation of supervised release to revocation of parole and indicated that courts have always held this power and it did not violate the constitution. Id. at 2386-2400. Justice Breyer concurred in the majority's judgment, but stated he agreed with the dissent's view that the role of the judge in a supervised release proceeding was consistent with traditional parole. Id. at 2385-86. Justice Breyer agreed that the statute was unconstitutional because it mandated a penalty for a discrete subset of offenses, thereby showing the hallmarks of a new criminal offense rather than a penalty for not following supervision rules on the prior sentence. Id. To the extent the Haymond decision can be considered binding authority, it is inapposite to Mr. Branan's case: he does not contest the district court's substantive sentence on his revocation.

The respondent cites Beal v. Kallis, 2020 WL 818913 (D. Minn. Feb. 19, 2020), which is on point with the facts of Mr. Branan's case, though it is not binding precedent on this court. In the Beal case, the petitioner was in federal prison serving a 14-month revocation sentence. Id. at *1. Beal argued that the FSA's retroactive application meant the BOP should calculate Beal's good time credits based on his original 78-month sentence, which he had already fully served before being re-incarcerated on his current 14-month sentence. Id.

The magistrate judge held that, *for purposes of calculating good conduct credit*, a revocation sentence is distinct and separate from the original underlying sentence. Beal v. Kallis, 2020 WL 822439 at *2 (D. Minn. Jan. 7, 2020). The court cited opinions from its own district as well as the District of

10

New Jersey, the Northern District of West Virginia, and the Western District of Wisconsin for that proposition.  Id.  Because Beal's prior sentence had completely expired before the enactment of the FSA, the court held he had already received all the good conduct time he was entitled to under the law as it existed when he was serving that previous sentence.  Id.  The district court adopted the magistrate judge's opinion in Beal, holding that the decision was not contrary to either Haymond or Johnson.  Beal, 2020 WL 818913 at *1.

The Beal court noted the BOP regulations regarding release and good time credits provide once a prisoner is released on an original sentence, any good time earned during that period of imprisonment is of no further effect to shorten the period of supervision or to shorten the period of imprisonment which may be imposed later for a violation of parole.  See 28 C.F.R. § 2.35(b).  Although this regulation applies to parole, not to supervised release, it is supportive of respondent's position herein.

The district court in Kieffer v. Rios, 2019 WL 3986260 at *1 (D. Minn. Aug. 23, 2019), reached the exact same conclusion as the Beal court on the exact same facts as Mr. Branan's case.  This court finds the reasoning in Beal and Kieffer to be persuasive.  These courts' analysis of the same facts presented by Mr. Branan carry much more weight than the very general statements of the Supreme Court in Johnson and Haymond, which did not involve Mr. Branan's fact pattern.

The court addresses the BOP Program/Policy Statement 5880.28, a partial copy of which Mr. Branan submitted in support of his position.  See

11

Docket No. 13-1 at p. 1.  This, too, is inapplicable to Mr. Branan's facts.  The program statement interprets when an inmate who was detained pre-sentencing should be given credit for the time he spent in pre-sentence detention.  Id.  If a defendant was not given credit for all the presentence days of detention on his original sentence, the program statement provides that any remaining days of presentence detention shall be applied to a revocation term.  Id.

Mr. Branan has introduced no evidence into this record that the BOP failed to credit him with all the pre-sentence detention days he accrued.  The respondent, for his part, has asserted facts supported by declaration, that Mr. Branan *was* credited for all his presentence detention days (18 days specifically).  See Docket No. 18 at p. 4, ¶9.  Mr. Branan has failed to demonstrate a material issue of disputed fact.  The BOP program statement does not support his claim.

Finally, Mr. Branan asserts his declaration creates a genuine issue of material disputed fact sufficient to defeat respondent's summary judgment motion.  See Docket No. 15 at pp. 4-5.  It does not do so.  The cases and program statement he attached to his declaration are inapposite for the reasons discussed above.  They do not support Mr. Branan's interpretation of the law.

Furthermore, Mr. Branan's declaration stating that he disputes the BOP's interpretation of the law does not create a material fact.  Respondent's motion comes down to a pure question of law:  does the FSA provide for

applying good time credits to sentences that have previously been fully served and have expired?  Questions of law are reserved to the court alone to determine.  <u>Palmisano v. Allina Health Sys., Inc.</u>, 190 F.3d 881, 885 (8th Cir. 1999).  An affidavit or declaration purporting to establish a point of law (rather than a fact) is improper under Rule 56 and will not be considered in summary judgment practice.  <u>See</u> FED. R. CIV. P. 56(c); <u>Walling v. Fairmont Creamery Co.</u>, 139 F.2d 318, 322 (8th Cir. 1943).  The court concludes respondent's motion should be granted as he has established that there are no material disputes of fact and that he is entitled to judgment as a matter of law.  The court commends Mr. Branan, however, for a well-written and cogently argued petition and motion response.

## CONCLUSION

Based on the foregoing law, analysis and facts, this magistrate judge respectfully recommends that respondent's motion for summary judgment [Docket No. 8] be granted and that Mr. Branan's § 2241 petition be dismissed with prejudice and without an evidentiary hearing.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the

district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 26th day of February, 2020.

BY THE COURT:

*/s/ Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge
