UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE BRANAN,<br><br>                      Petitioner,<br><br>    vs.<br><br>J.W. COX,<br><br>                      Respondent. | 4:20-CV-04002-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING COX'S MOTION FOR SUMMARY JUDGMENT |

This matter is before the court upon the objections by pro se petitioner, Charlie Branan, to the report and recommendation filed February 26, 2020, by Magistrate Judge Veronica L. Duffy. Dockets 19, 20. Judge Duffy recommends that respondent's, J.W. Cox, motion for summary judgment be granted and that Branan's habeas petition under 28 U.S.C. § 2241 be dismissed with prejudice and without an evidentiary hearing. Docket 19 at 13. For the following reasons, the court overrules Branan's objections, adopts the report and recommendation, and grants Cox's motion for summary judgment.

**FACTUAL BACKGROUND**

The magistrate judge in her report and recommendation provided a full factual background, so this court will give only a brief overview of the relevant procedural details. *See* Docket 19 at 2-3. Branan was originally sentenced to 120 months imprisonment for conspiracy to distribute a controlled substance in the United States District Court for the Southern District of Iowa. *Id.* at 2.

Since finishing his original sentence, Branan has twice violated conditions of his supervised release, and as such, he is currently serving a 14-month revocation sentence at the federal prison camp in Yankton, South Dakota. *Id.* at 2-3.

On January 6, 2020, Branan filed a pro se habeas petition under 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons (BOP) is depriving him of 70 days good-conduct credit that he alleges he is owed under the First Step Act (FSA). Docket 1. Cox moved for summary judgment, and the magistrate judge recommended that motion be granted. Dockets 8, 19. Branan filed six objections to the report and recommendation under 28 U.S.C. § 636(b)(1). Docket 20. Cox filed a response in opposition to those objections and urged this court to adopt the magistrate judge's report and recommendation. Docket 21.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). On review of the magistrate judge's report and recommendation, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

The sole issue in this case is whether 18 U.S.C. § 3624(b) allows Branan to claim good-conduct credits for a sentence that he has already served in full

and then apply the credits to his subsequent supervised release revocation sentence. Courts that have considered this exact question—including the recent decision of the Eighth Circuit Court of Appeals—have held that, for the purposes of calculating good-conduct credit under 18 U.S.C. § 3624, a revocation sentence is distinct from the original underlying sentence. *See Kieffer v. Rios*, 2019 WL 3986260, at *1-2 (D. Minn. Aug. 23, 2019), *aff'd summarily,* 2019 WL 8194484 (8th Cir. Oct. 2, 2019) (rejecting petitioner's assertion that the BOP should have recalculated good-conduct credit by aggregating his original sentence with his revocation sentence); *see also Beal v. Kallis,* 2020 WL 818913, at *1 (D. Minn. Feb. 19, 2020) (finding that the magistrate judge's holding that post revocation sentences are distinct for purposes of determining good-conduct credit did not conflict with established Supreme Court precedent); *Racine v. Fed. Bureau of Prisons*, 2007 WL 1585154, at *5 (D.N.J. May 31, 2007) ("While supervised release is imposed as part of the original sentence, any incarceration ensuing from the revocation of supervised release is generally based on new conduct, and 'is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast.' " (quoting *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005))); *United States v. Wirth,* 250 F.3d 165, 170 (2d Cir. 2001) (holding that punishment for a violation of supervised release is separate from punishment for the underlying conviction and may, when combined with the latter, exceed the statutory maximum for the underlying offense).

3

Branan raises six objections to Magistrate Judge Duffy's report and recommendation. Docket 20. All of Branan's objections are legal arguments that have been fully addressed by the underlying opinion in *Kieffer* that was summarily affirmed by the Eighth Circuit Court of Appeals in *Kieffer v. Rios*, 2019 WL 8194484.[1] This court adopts that holding in full. As a pro se litigant, Branan is entitled to a liberal construction of his pleadings. *Quam v. Minnehaha Cty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987) (citing *Miller v. Solem*, 728 F.2d 1020, 1023-24 (8th Cir. 1984)). But even the most liberal reading of Branan's arguments fails to raise anything but a pure question of law and such questions are reserved for the court to decide. *Palmisano v. Allina Health Sys., Inc.*, 190 F.3d 881, 885 (8th Cir. 1999). The court finds that Branan is not entitled to good-conduct credits on a sentence that has been fully served and expired. Instead, Branan is only entitled to earn good-conduct credit under the First Step Act for the 14-month revocation sentence that he is currently serving.

Thus, it is ORDERED

---

[1] Cox concedes that Magistrate Judge Duffy's report did not directly address the fifth objection raised by Branan. Docket 21 at 3. That objection (Docket 20 at 4) seems to suggest that a general statement within the United States Sentencing Guidelines implies a revocation sentence must be treated as part of the original sentence. While Magistrate Judge Duffy may not have explicitly referenced the guidelines in her report and recommendation, she cited two cases from the District of Minnesota that expressly rejected a similar argument. *See Beal v. Kallis*, 2020 WL 818913 (D. Minn. Feb 19, 2020); *Kieffer v. Rios*, 2019 WL 3986260 (D. Minn. Aug 23, 2019). Branan's argument has no merit.

5

1. Branan's objections to the report and recommendation (Docket 20) are overruled.

2. The report and recommendation (Docket 19) is adopted in full as supplemented herein.

3. Cox's motion for summary judgment (Docket 8) is granted.

4. Branan's § 2241 petition (Docket 1) is dismissed with prejudice and without an evidentiary hearing.

Dated June 29, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE